WILLIAM N. CHURCH, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Church v. Commissioner
Docket No. 562-77.
United States Tax Court
T.C. Memo 1978-252; 1978 Tax Ct. Memo LEXIS 262; 37 T.C.M. (CCH) 1085; T.C.M. (RIA) 78252; July 10, 1978, Filed *262 Held, petitioner failed to satisfy the requirements of sec. 217, I.R.C. 1954, and therefore may not deduct his moving expenses. Held further, charitable contributions deduction determined. William N. Church, Jr., pro *263 se. Diane L. Fox, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a $ 878.32 deficiency in petitioner's 1974 Federal income taxes. We must decide whether petitioner has satisfied the requirements of section 217[1] so that he is entitled to a moving expense deduction; and whether petitioner is entitled to a charitable contributions deduction larger than that allowed by respondent. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly.
Petitioner timely filed his 1974 income tax return with the Internal Revenue Service Center, Cincinnati, Ohio. He was a resident of Akron, Ohio, when he filed his petition herein. In October 1973, petitioner was employed in Chicago by Clemson Automotive Fabrics, a division of Deering Milken.As a salesman for Clemson, petitioner worked in the Detroit territory which encompassed Indiana, Ohio, Ontario province, Michigan, and part of Kentucky. On August 4, 1974, after completing his initial training in Chicago, petitioner was transferred *264 by Clemson to Detroit. After petitioner moved to Detroit he continued to work in the Detroit territory. On April 14, 1975, petitioner voluntarily left his job with Clemson so he could work for F. W. Means & Co. In order to take his new job with F. W. Means & Co., petitioner moved to Akron, Ohio. On his 1974 Federal income tax return petitioner deducted $ 2,385.00 in moving expenses incurred when he moved from Chicago to Detroit. Respondent, in his notice of deficiency, disallowed petitioner's moving expense deduction stating that petitioner "failed to establish that the requirements of sections 217(b)(1) and 217(c)(2) of the Internal Revenue Code have been satisfied * * *." Shortly after petitioner moved to Chicago his wife left him and moved to California. Since this was petitioner's second marriage that had failed he became particularly upset and for solace began attending church regularly. In Chicago he went to the United Methodist Church in Rolling Meadows. In Detroit, after he moved, petitioner attended a Unitarian Church. It was his practice to put $ 20 in the collection plate each Sunday he attended church. On his 1974 income tax return petitioner deducted $ 1,120 *265 in charitable contributions which consisted primarily of church donations. Respondent disallowed all but $ 104 of petitione's chartiable contributions deduction because petitioner was unable to substantiate that he was entitled to a greater deduction. OPINION There are two issues: whether petitioner satisfied the requirements of section 217 and is therefore entitled to a claimed moving expense deduction in the amount of $ 2,385; and whether petitioner is entitled to a charitable contributions deduction larger than that allowed by respondent. Section 217 provides a deduction for moving expenses that are paid or incurred during the taxable year with the commencement of work by a taxpayer as an employee at a new principal place of business. Conditions are placed on this deduction by section 217(c), subsection (2) of which provides: (c) Conditions for Allowance.--No deduction shall be allowed under this section unless-- * * *
(2) either-- (A) During the 12-month period immediately following his arrival in the general location of his new principal place of work, the taxpayer is a full-time employee, in such general location, during at least 39 weeks, or (B) during *266 the 24-month period immediately following his arrival in the general location of his new principal place of work, the taxpayer is a full-time employee or performs services as a self-employed individual on a full-time basis, in such general location, during at least 78 weeks, of which not less than 39 weeks are during the 12-month period referred to in subparagraph (A). Unfortunately for petitioner he has failed to satisfy the condition of section 217(c)(2) and therefore he is not entitled to deduct his moving expenses. Petitioner moved to Detroit, Michigan, on August 4, 1974.Thirty-seven weeks later, on April 14, 1975, he voluntarily quit his job with Clemson and moved to Akron, Ohio, so he could work for F. W. Means & Co. As a result petitioner failed to satisfy either the 39 or the 78-week condition imposed by section 217(c)(2). Although section 217(d) provides exceptions to the 39 or 78-week test, there are no facts before us to suggest that petitioner fell within any of these exceptions. Accordingly, we hold for respondent on this first issue.
Next we must decide if petitioner is entitled to a charitable contribution deduction larger than the $ 104 allowed by respondent. *267 Although petitioner was unable to provide the Court with any documentation of his charitable contributions we found him to be a credible witness. As often happens during times of stress petitioner, after suffering a second divorce, looked for solace in the church. We found petitioner's account of where he went to church, why, and the amount of his weekly contributions to be credible and convincing. We are convinced that petitioner made contributions in an amount larger than that allowed by the Commissioner. Applying the rule of Cohan v. Commissioner,39 F. 2d 540, 544 (2d Cir. 1930), we find that petitioner made deductible charitable contributions in 1974 totalling $ 650. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended and in effect during 1974.↩